PORT HURON ENGINE & THRESHER COMPANY v. OTTO GAS
ENGINE WORKS.[1]

May 29, 1903.

Nos. 13,472—(143).

## Contract—Evidence.

A contract provided that defendant should receive from plaintiff a
secondhand gasoline engine, repair and sell it, and, when sold, pay appellant $350. *Held*, the evidence conclusively shows that defendant is
not liable as for conversion in sending the engine out of the state pursuant to an attempt to make a sale thereof which was not consummated.

Appeal by plaintiff from an order of the district court for Hennepin county, Brooks, J., denying a motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Welch, Hayne & Hubachek*, for appellant.

*H. F. Woodard*, for respondent.

LEWIS, J.

Action in conversion. Trial by jury, and verdict for defendant
by direction of the court. Plaintiff appeals from an order denying
its motion for a new trial.

The evidence conclusively shows that the parties to the action
entered into a contract whereby defendant was to take a secondhand gasoline engine belonging to plaintiff, put it in repair, and,
when sold, pay plaintiff $350; that, in pursuance of this contract,
defendant received the engine, and caused it to be overhauled and
repaired.    In November, 1900, after it had been put in order,
plaintiff entered into a contract with one Erickson, of Wisconsin,
agreeing to sell him the engine for $400 if after four days' test it
should prove satisfactory; $200 to be paid in cash, and the other
$200 to be paid by note, duly secured. The engine did not prove
satisfactory after trial; and Erickson refused to accept it, and
also refused to deliver it to defendant until he should be reimbursed for the freight advanced and certain other expenses. No

[1] Reported in 94 N. W. 1088.

sale was consummated, and at the time of the commencement of this action, in December, 1901, the engine remained in Erickson's possession in Wisconsin.

The action does not involve the question of liability on the part of defendant for negligence in allowing the engine to go beyond its control, nor does it involve damages for neglect to perform the contract, but is based wholly upon the theory that in attempting to make the sale to Erickson upon the terms stated, although it did not result in consummation, yet such action on the part of defendant constituted a control and dominion over the property which amounted to conversion. The evidence does not sustain this view. Defendant was entitled to reasonable time, and to resort to the customary or usual methods of disposing of the property. Whether, under the terms of the contract, defendant would be liable for the whole amount if sale had been made upon the terms arranged with Erickson, is not before us. It is sufficient and conclusive answer to plaintiff's position that its contract with defendant was that the $350 should be paid when the engine was sold, and the evidence shows that no sale was made.

Order affirmed.